UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAIME A. DIAZ O'NEILL,

Plaintiff,

v.

POLICE OFFICER WILLIAM MACY, et al.,

Defendants.

---

Index No.: 19-cv-01336

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR "TRANSFER OF THE CASE, RECUSAL OF JUDGES, PAYMENT ORDER AGAINST ALL THE DEFENDANTS"**

TIMOTHY A. BALL, ESQ.
Corporation Counsel
*Attorneys for Police Officer William Macy*

By: Maeve E. Huggins
Assistant Corporation Counsel
1112 City Hall : 65 Niagara Square
Buffalo, New York 14202
Tel.: (716) 851-4317
Fax.: (716) 851-4105
E-mail: mhuggins@city-buffalo.com

1

**PRELIMINARY STATEMENT**

The Defendant, POLICE OFFICER WILLIAM MACY, respectfully submits this Memorandum of Law in opposition to Plaintiff's purported motion seeking "transfer of the case, recusal of judges, [and] payment order against all the defendants" (Dkt. No. 29). The Defendant opposes Plaintiff's motion in all respects.

**ARGUMENT**

Applying the settled standards of review and applicable Federal Rules of Civil Procedure, the Defendant respectfully opposes Plaintiff's requested relief for the reasons set forth herein.

**I.   PLAINTIFF'S PURPORTED MOTION DOES NOT CONFORM TO THE FEDERAL AND LOCAL RULES OF CIVIL PROCEDURE.**

Plaintiff's papers do not conform to the requirements of L.R.Civ.P. 7(a). Therefore, this Court should deny Plaintiff's purported motion.

**II.  THE WESTERN DISTRICT OF NEW YORK IS THE PROPER VENUE FOR THE INSTANT MATTER.**

Plaintiff appears to request that this case be transferred from the Western District of New York (Dkt. No. 29 at 5). However, the Western District of New York is the proper venue and no circumstances justify the transfer of this case.

28 U.S.C. § 1391 ("Section 1391") governs venue. 28 U.S.C. § 1404 ("Section 1404") and 28 U.S.C. § 1406 ("Section 1406") govern change of venue. If the venue is proper under Section 1391, transfer pursuant to Section 1404(a) is allowed for the convenience of the witnesses or parties and in the interests of justice. A party seeking

transfer bears the burden of demonstrating "a strong case for a transfer." *O'Brien v. Goldstar Tech., Inc.*, 812 F. Supp. 383, 385 (W.D.N.Y. 1993).

A court must first determine whether venue is proper in the proposed transferee district. *Longo v. Wal-Mart Stores, Inc.*, 79 F. Supp. 2d 169, 171 (E.D.N.Y. 1999); *Laumann Mfg. Corp. v. Castings U.S.A., Inc.*, 913 F.Supp. 712, 720 (E.D.N.Y. 1996); *see* 28 U.S.C. § 1404(a) (allowing transfer to any district where the action "might have been brought"). If the proposed venue is proper, the court "considers whether the transfer will serve the convenience of the witnesses and parties and is in the interests of justice." *Calabrese v. Teoco Corp.*, 637 F. Supp. 2d 160, 163 (S.D.N.Y. 2009). A court may consider the following factors:

> (1) convenience of the witnesses; (2) convenience of the parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to plaintiff's choice of forum and, (9) the interests of justice.

*Id.*

Here, Plaintiff has not met his burden to prove that transferring this action to another district is appropriate, much less a "strong case" to do so. *O'Brien*, 812 F. Supp. at 385. As an initial matter, Plaintiff does not propose where he wishes this action to be heard. Therefore, this Court cannot even properly evaluate whether transfer is appropriate. Moreover, Plaintiff cited no authority or facts beyond bizarre speculation to support his request.

This action concerns Plaintiff's September 2, 2014 arrest occurring at 7 Marine Drive in Buffalo, New York (Dkt. No. 25) by the Defendant, who is an active Buffalo Police Department officer. The accusatory instruments and supporting depositions related to this arrest show that the expected witnesses to this matter reside or are employed within Buffalo, New York. *See* **Exhibit A**. Therefore, the Western District of New York is the proper venue under Section 1391(b).

Moreover, "Section 1404(a) protects those involved in litigation from needless inconvenience and costs." *Calabrese*, 637 F. Supp. 2d at 163. Any transfer of this action outside of the Western District of New York creates substantial burden and inconvenience for the Defendant, who resides and is employed in the district and the events at issue occurred within the district. There exists no reason to transfer this case, which plainly deals with events occurring all within the City of Buffalo. Accordingly, this Court should deny Plaintiff's request to transfer this matter as improper and unwarranted.

### III.   PLAINTIFF FAILED TO DEMONSTRATE ANY BASIS FOR RECUSAL OF THE ASSIGNED JUDGES.

Without articulating any legally cognizable reason why, Plaintiff declares that this case "definitely cannot be heard by any judge of the Western District of New York much less if it was nominated by Mr. Barack Obama" (sic.) (Dkt. No. 29 at 3-4). The Defendant opposes Plaintiff's request.

"It is well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts

demonstrating the basis for such a claim." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987).  This case has long been pending in the Western District of New York with the Hon. Lawrence J. Vilardo presiding since Fall 2019.  Plaintiff delayed seeking recusal until after Judge Vilardo ruled on Plaintiff's purported motions seeking various relief as well as screened the complaint pursuant to 28 U.S.C. §1915(e)(2) (Dkt. No. 12).  Plaintiff has since amended his complaint (Dkt. No. 25) and the matter was referred to Hon. Leslie G. Foschio (Dkt. No. 24).

"Discretion is confided in the district judge in the first instance to determine whether to disqualify himself."  *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).  Neither judge has raised any concern.  Similarly, the Defendant is unaware of any reason why recusal of either judge is necessary.

In determining whether recusal is appropriate, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case."  *Id.*  "[T]he substantive standard for recusal is whether a reasonable person, *knowing all the facts*, would conclude that the court's impartiality might reasonably be questioned."  *United States v. Pitera*, 5 F.3d 624, 626 (2d Cir. 1993) (emphasis in original); 28 U.S.C. §455(a).  If that standard is met, "the judge should disqualify himself despite his subjective belief in his impartiality." *German v. Federal Home Loan Mortgage Corp.*, 943 F. Supp. 370, 373 (S.D.N.Y. 1996).

It bears noting that "[l]itigants are entitled to an unbiased judge; not to a judge of their choosing."  *Drexel*, 861 F.2d at 1312.  No reason exists to justify recusal of either

judge under 28 U.S.C. §455. Plaintiff's papers contain broad, conspiratorial, and at times, bizarre allegations regarding Judges Vilardo and Foschio. He provides no proof to substantiate these claims. None of which are the sort of facts that would cause a "reasonable person" to "conclude that the court's impartiality might reasonably be questioned." *Pitera*, 5 F.3d at 626. Accordingly, Plaintiff's motion should be denied.

## IV.     PLAINTIFF IS NOT ENTITLED TO A PURPORTED "PAYMENT ORDER."

Plaintiff incorrectly claims that "[t]his is a case in which the defendants have already awarded in favor of [Plaintiff]" (Dkt. No. 29 at 2). The Defendant strongly denies all liability alleged by Plaintiff (*see* Dkt. Nos. 22, 35). No determination on liability has been made. Plaintiff's reference to different cases is misplaced and not controlling here. In 17-cv-2286 and 17-cv-2340, the District Court for Puerto Rico entered judgment on the pleadings in favor of the defendants. Index No. 19-cv-8557 was transferred to the Western District of New York. Plaintiff produced no evidence in support of his speculative and fanciful allegations. Plaintiff's request for a purported "order for payment of damages" (Dkt. No. 29 at 5) must be denied as premature and improper.

## CONCLUSION

The Defendant, POLICE OFFICER WILLIAM MACY, respectfully requests that this Court deny Plaintiff's purported motion in all respects and for such other and further relief that this Court deems necessary, just, and proper.

Dated:  August 3, 2020
        Buffalo, New York

                                                        Respectfully submitted,

                Timothy A. Ball, Esq.
                Corporation Counsel
                *Attorney for Police Officer William Macy*

By:   */s/ Maeve E. Huggins*
       Maeve E. Huggins
       Assistant Corporation Counsel
       1112 City Hall
       65 Niagara Square
       Buffalo, New York 14202
       Telephone: (716) 851-4317
       Facsimile: (716) 851-4105
       E-Mail: mhuggins@city-buffalo.com