UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAIME A. DIAZ-O'NEILL,

        Plaintiff,

       v.                                           19-CV-1336-LJV-LGF
                                                        DECISION & ORDER
NEW YORK STATE, *et al.*,

        Defendants.

_____


        On September 13, 2019, the *pro se* plaintiff, Jaime A. Diaz-O'Neill, commenced this action under 42 U.S.C. § 1983.  Docket Item 2.  On January 8, 2020, this Court found that most of Diaz-O'Neill's claims were subject to dismissal and granted him leave to amend his complaint.  Docket Item 12.  On May 18, 2020, Diaz-O'Neill amended his complaint, Docket Item 25, and a few days later, this Court dismissed the claims against all defendants "except . . . William Macy, 'Policer Officer XYZ Ross . . . ,' and 'Police Officers XYZ . . . ,'" Docket Item 26.  In the meantime, on May 19, 2020, this Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 24.

        On December 27, 2021, Macy moved for summary judgment.  Docket Item 59.  Diaz-O'Neill then moved to appoint counsel, Docket Item 61, and Judge Foschio granted that motion, Docket Item 63; *see* Docket Item 65.  On April 7, 2022, Diaz-O'Neill's appointed counsel moved to withdraw, Docket Item 68, and on May 19, 2022, Judge Foschio granted that motion, Docket Item 74.  But Diaz-O'Neill did not respond, *pro se* or through counsel, to Macy's motion for summary judgment.

On September 12, 2022, Judge Foschio issued a Report and Recommendation ("R&R") finding that Macy's motion for summary judgment should be granted,[1] that the claims against Officer Ross and Officers XYZ should be dismissed,[2] and that the action should be dismissed.  Docket Item 77.  The defendants did not object to the R&R, but on September 28, 2022, Diaz-O'Neill moved for an extension of time to object, Docket Item 78; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).[3]  This Court then extended Diaz-O'Neill's time to object to the R&R to October 17, 2022.  Docket Item 80.  After that deadline passed without Diaz-O'Neill's filing an objection, on January 25, 2023, this Court ordered Diaz-O'Neill to show cause why it should not proceed based only on the papers it had received thus far.  Docket Item 81.  The time for Diaz-O'Neill to show cause has expired, so this Court considers the R&R and decides the motion for summary judgment based on the papers now before it.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must

---

[1] Judge Foschio recommended that Macy's motion be granted in part but denied as to his argument that Diaz-O'Neill's malicious prosecution claim is time barred.  *See* Docket Item 77 at 13-14.  But because he found that Macy is entitled to summary judgement on the malicious prosecution claim on other grounds, *see id.* at 24-26, Judge Foschio recommended that the case be dismissed.  This Court therefore construes the R&R as a recommendation that Macy's motion be granted, albeit not on all grounds raised in it.

[2] Judge Foschio noted that Officer Ross and Officers XYZ were "never properly identified and, as such, were never served and have not appeared in this action."  Docket Item 77 at 7.

[3] The same day, Diaz-O'Neill filed a 68-page document that consists mostly of images, including photographs of the undersigned and other public figures.  Docket Item 79.  This Court has reviewed that document and cannot ascertain its relevance to the current action.

review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Foschio's R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, this Court accepts and adopts Judge Foschio's recommendation to grant Macy's motion, dismiss the claims against Officer Ross and Officers XYZ, and dismiss the complaint.

For the reasons stated above and in the R&R, Macy's motion for summary judgment, Docket Item 59, is GRANTED; the claims against Officer Ross and Officers XYZ are dismissed; the complaint, Docket Item 2, is dismissed; and the Clerk of the Court shall close the file.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).

Diaz-O'Neill must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:     March 2, 2023
              Buffalo, New York

                                                */s/ Lawrence J. Vilardo*
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE