UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAIME A. DIAZ-O'NEILL,

        Plaintiff,

    v.                                                                    19-CV-1336-LJV-LGF
                                                                              ORDER
NEW YORK STATE, *et al.*,

        Defendants.
_____

    The *pro se* plaintiff, Jaime A. Diaz-O'Neill, has moved for relief from judgment under Federal Rule of Civil Procedure 60(b). Docket Items 86, 89. He asks this Court to vacate its decision and order adopting the Report and Recommendation of United States Magistrate Judge Leslie G. Foschio, granting the defendants' motion for summary judgment, and dismissing this action. Docket Items 86, 89; *see* Docket Item 83 (decision and order). He also has filed two documents that this Court construes as motions for recusal. Docket Items 90, 91. For the reasons that follow, Diaz-O'Neill's motions are denied.

## DISCUSSION[1]

**I.    MOTIONS FOR RECUSAL**

    A judge shall recuse himself "in any proceeding in which his impartiality might reasonably be questioned" and in any proceeding "[w]here he has a personal bias or

---

[1] The Court assumes the reader's familiarity with the facts and the procedural background of this litigation and refers to them only as necessary to explain its decision.

prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455.  "[R]ecusal motions are committed to the sound discretion of the district court." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citation omitted).

Diaz-O'Neill has filed two documents requesting the "resignation" of the Court and numerous other judges and lawyers, some associated with the Western District of New York and some not.[2]  Docket Items 90, 91.  The Court construes those documents as motions for recusal.

But Diaz-O'Neill identifies no basis for recusal.  *See generally* Docket Items 90, 91.  He seems to imply that the Court has committed some type of judicial misconduct, possibly in concert with the judges presiding over Diaz-O'Neill's cases in other districts.  *See* Docket Item 91 at 2-3.  Those allegations have no basis in truth.  Nor does this Court know of any other basis for recusal.

Diaz-O'Neill's motions for recusal therefore are denied.

## II.     RULE 60(b) MOTIONS

Federal Rule of Civil Procedure 60(b) provides several grounds on which a court "may relieve a party . . . from a final judgment, order, or proceeding":

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[2] In those documents, Diaz-O'Neill also requests that this case be transferred to the Southern District of New York or a different court.  Docket Item 90 at 1; Docket Item 91 at 1.  Because this case remains closed, that request is denied.  Diaz-O'Neill's requests for summary judgment "against all the defendants," Docket Item 90 at 1, and for appointment of counsel, Docket Item 86 at 6, are denied for the same reason.

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"As explained by the Second Circuit, 'the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Kharshiladze v. Philips*, 2021 WL 1525869, at *1 (W.D.N.Y. Apr. 19, 2021) (alterations omitted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice."  *Id.* (quoting *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court."  *Id.* (quoting *Boyde v. Osborne*, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013)).

Diaz-O'Neill has filed two documents seeking relief under each section of Rule 60(b).[3]  Docket Items 86, 89.  Large portions of those documents are

---

[3] The defendants responded to the first Rule 60(b) motion.  Docket Item 87.

incomprehensible.[4] But Diaz-O'Neill makes several intelligible—though unavailing—arguments for relief.

First, Diaz-O'Neill suggests that this case should not be dismissed because it is connected to criminal proceedings in other courts. *See, e.g.*, Docket Item 86 at 1 (arguing that this case "belongs to a federal multi-district panel of judges); *id.* at 2 ("This case has a criminal collateral attached to the collateral of the case being handled by [Judge] Laura Taylor Swain in the District Court of Puerto Rico . . . [and] other[] federal cases collateral [sic]."); Docket Item 89 at 1 (discussing "the attached collateral criminal kidnapping"). This Court sees no reason why a connection to other court cases—civil or criminal—justifies relief from judgment here.

Second, Diaz-O'Neill says that his physical copy of the case file "was stolen" from his home and he could not afford to replace it, preventing him from "appear[ing]" in this case. Docket Item 86 at 1-3. While the theft of Diaz-O'Neill's property is unfortunate, it does not entitle him to relief: Diaz-O'Neill received several extensions of time to file documents throughout this litigation, Docket Items 15, 21, 26, and 80, and the number of Diaz-O'Neill's submissions indicates that his ability to file was not hampered by any stolen documents. Regardless, Diaz-O'Neill's allegations about the

---

[4] Because they do not raise any intelligible argument, the Court does not address those portions of Diaz-O'Neill's motions. *See, e.g.*, Docket Item 89 at 6 ("[The Court] made an error in [its] interpretation of the law in a procedural ruling during the course of the procedures because the general proof of this case shows that the people as illustrated in the exhibits 1 to 146 with names and surnames since 2012 having kidnapped the City of Buffalo and its authority [sic]."); *id.* at 8 ("[The Court] made an error in [its] interpretation of law because Mr. Jaime A. Diaz-O'Neill declares that he does not know who are the people that Mr. Lee brings under oath in his brief in request summary judgment the writing of 3 of January of 2023 and other previous ones are objection to the [Court's] error in [its] interpretation of the law, Docket #61 [sic].").

stolen file do not explain why this Court should "alter [its] conclusion."  *See*

*Kharshiladze*, 2021 WL 1525869, at *1.

Next, Diaz-O'Neill suggests that the docket sheet in this case is inaccurate, "making it impossible to timely identify appearances due to incorrect titles of entries to the docket."  Docket Item 86 at 3.  The Court has reviewed the docket sheet and finds no errors, let alone an error justifying relief from judgment.

Diaz-O'Neill also says that the docket sheet shows that several orders "were returned by mail" and that he did not receive those orders.  *Id.*  Indeed, the docket sheet indicates that five pieces of mail addressed to Diaz-O'Neill were returned as undeliverable.  Docket Items 50, 73, 76, 82, and 85.  But that does not justify relief from judgment because it is Diaz-O'Neill's responsibility to ensure that the Court has his current address.[5]  *See* Loc. R. Civ. P. 5.2(d).

Next, Diaz-O'Neill says that he intended to request "other legal assistance and was deprived of being able to do it."  Docket Item 86 at 5.  Diaz-O'Neill seems to refer to the pro bono counsel he was appointed in 2022.  *See* Docket Item 65.  But only two months after the appointment, that attorney withdrew from the case because Diaz-O'Neill had told him he "was no longer to represent [Diaz-O'Neill] or to make any submissions to the court on his behalf."  Docket Item 68; *see* Docket Item 74 (granting motion to withdraw).  Diaz-O'Neill did not request appointment of other counsel.  So it appears that Diaz-O'Neill was given the opportunity to be represented by counsel but

---

[5] What is more, several of the returned orders were mailed to Diaz-O'Neill at multiple addresses.  *See* Docket Items 69, 74, 81, and 83.  So the return of one copy of those orders does not indicate that Diaz-O'Neill did not receive the other.

5

refused the counsel who was appointed.  This Court does not see why that sequence of events warrants relief from judgment here.

Diaz-O'Neill also takes issue with several decisions of this Court.  Docket Item 86 at 4; Docket Item 89 at 5-9.  But Diaz-O'Neill's arguments are conclusory and vague, and he does not explain why any of the Court's alleged errors entitle him to relief from judgment.[6]

Finally, Diaz-O'Neill repeatedly refers to the "exhibits" he has submitted throughout this litigation.  *See* Docket Item 86 at 4-6; *see also* Docket Item 18 (exhibits); Docket Item 46 (exhibits); Docket Item 79 (exhibits); Docket Item 86 at 9-153 (exhibits); Docket Item 89 at 13-148 (exhibits).  As the Court has noted before, those exhibits are merely "photos of documents, buildings, rooms, and individuals," Docket Item 44, with no apparent "relevance to [this] action," Docket Item 83 at 2 n.3.  Although Diaz-O'Neill says that those exhibits "prove" his claims, Docket Item 86 at 4-6, he simply is incorrect: The images do not support his claims and therefore do not entitle him to relief from judgment.[7]

---

[6] *See, e.g.*, Docket Item 86 at 4 (arguing that the Court improperly excluded evidence "that had already been prove[n]," but providing no details about the excluded evidence or why it was error to exclude it); Docket Item 89 at 5 (arguing that this Court erred in excluding 13 "indispensable defendants" but not explaining why those defendants were indispensable); *id.* (arguing that the Court made a procedural error but not explaining what the error was); *id.* at 7 (taking issue with the caption of this action but not explaining why any error in the caption justifies relief); *id.* at 9 (arguing that it was error to refer the case to Judge Foschio but not explaining why or how that is a basis for relief).

[7] Diaz-O'Neill also takes issue with the sealing of those exhibits without his consent, Docket Item 86 at 5, but he does not explain why that is a basis for relief.

6

Because Diaz-O'Neill has not identified any basis for relief, his motions for relief from judgment are denied.

## **CONCLUSION**

For the reasons stated above, Diaz-O'Neill's motions, Docket Items 86, 89, 90, and 91, are DENIED.

SO ORDERED.

Dated:  October 16, 2023
        Buffalo, New York


                                            */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE